IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTEVAN ADRIAN GRACIANO, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:19-cv-01533-K (BT) |
| UNITED STATES OF AMERICA, et al. | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought pursuant to 28 U.S.C. § 1331 and referred to the United States magistrate judge under 28 U.S.C. § 636(b) and standing order. For the following reasons, Plaintiff's case should be dismissed without prejudice.

On June 21, 2019, Plaintiff filed a motion for the return of property against Defendant the United States of America. Compl. (ECF No. 4). On June 25, 2019, the Court construed Plaintiff's motion as a civil action under 28 U.S.C. § 1331 seeking the return of property. (ECF No. 3.) On June 26, 2019, the Court sent an order and notice of deficiency to Plaintiff directing him to either pay the $400 case filing fee or file a proper request to proceed *in forma pauperis*. (ECF No. 5.) On July 19, 2019, Plaintiff paid the full filing fee, and the Court subsequently entered an order reminding him of his responsibility to properly serve Defendant. Order (ECF No. 7) ("Because Plaintiff has now paid the statutory filing fee, he is responsible for properly serving Defendant with a summons and complaint in

accordance with Rule 4 of the Federal Rules of Civil Procedure and filing proof of service with the Court in compliance with Rule 4(l)."). Specifically, the Court warned that "if proper service is not made—and shown through a filed proof of service—before the 90th day after the filing of this action that is not a Saturday, Sunday, or legal holiday, this case is subject to dismissal without prejudice unless [Plaintiff] shows both (1) good cause [for] his failure to timely and properly effect service **and** (2) good cause for the Court to extend the time for service for an appropriate period." *Id.* 1-2 (citing Fed R. Civ. P. 4(m), 41(b)). The 90-day period that Plaintiff had to serve his Complaint has long since expired, and he failed to serve his Complaint on Defendant.[1]

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Plaintiff failed to serve his lawsuit on Defendant after the Court directed him to do so, Plaintiff's case should be dismissed without

---

[1] On August 27, 2019, Plaintiff filed an Amended Complaint naming only Donald John Trump as Defendant.  Am. Compl. (ECF No. 8.)  On August 28, 2019, a summons was issued for service on Defendant Donald John Trump.  (ECF No. 9.)

2

prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Boudwin*, 756 F.2d at 401 ("Although . . . [Rule 41(b)] speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties.").

## Recommendation

For the foregoing reasons, the Court recommends Plaintiff's case be DISMISSED without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

**SO RECOMMENDED**.

October 14, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).